J-S71015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :          PENNSYLVANIA
                                    :
        v.                            :
                                    :
                                    :
LOANELL ELLINGTON              :
                                    :
          Appellant            :     No. 349 EDA 2018

Appeal from the PCRA Order December 18, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002611-2016,
CP-51-CR-0011170-2015

BEFORE:  PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, J.:               **FILED MAY 30, 2019**

      Appellant, Loanell Ellington, challenges the order entered in the Philadelphia County Court of Common Pleas, dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Ellington asserts three challenges of ineffective assistance of counsel, including two layered ineffectiveness claims. We affirm.

      On September 24, 2015,[1] Ellington was with Ricky Miller when they got into an argument. While arguing, Miller struck Ellington in the back of the head with a vacuum cleaner causing a laceration[2]. Ellington then retrieved a butcher's knife from his truck and returned to attack Miller, stabbing him

---

[1] This crime relates to docket number CP-51-CR-0011170-2015.

[2] At some point, Miller also used a two by four to break out the windows of Ellington's truck. **See** N.T., Guilty Plea Hearing, 5/3/2017, at 14.

approximately five times in the chest area. At least one of the stabs pierced Miller's heart.

Officers responded and Miller was rushed to the hospital where he underwent open-heart surgery twice. Ellington arrived at the hospital to receive medical attention for his head injuries. Upon entering, two police officers heard Ellington state "I stabbed him." N.T., Guilty Plea Hearing, 5/3/2017, at 13. Ellington was arrested and subsequently admitted his involvement[3] in a statement given to Philadelphia detectives.

On February 1, 2016,[4] Miller was at his mother's residence where he resided, located at 1932 Haines Street in Philadelphia. Ellington and his son, Loanell Ellington, Jr., arrived at the residence and both threatened to fight Miller over the previous incident.

On May 3, 2017, Ellington entered a negotiated guilty plea[5] for both cases. On docket number CP-51-CR-0011170-2015, he pled guilty to aggravated assault and possession of an instrument of crime (PIC). On docket number CP-51-CR-0002611-2016, he pled guilty to terroristic threats.

---

[3] The incident, specifically the part where Ellington is attacking Miller with a butcher knife, was also recorded on video. **See** N.T., Guilty Plea Hearing, 5/3/2017, at 13.

[4] This crime relates to docket number CP-51-CR-0002611-2016.

[5] A mental health report and a pre-sentence investigation report were waived since this was a negotiated plea.

The parties agreed on an offense gravity score of 11 and a prior record score of 5. With the deadly weapon enhancement, the guideline range was ninety to one-hundred and eight months, plus or minus twelve.

The trial court imposed the negotiated recommended sentence of ten to twenty years' incarceration[6] broken down as follows; eight and one half to seventeen years' incarceration on the aggravated assault charge to run concurrently with one to two years' incarceration on the PIC charge, and one and a half to three years' incarceration on the terroristic threats charge, to run consecutive to the sentence on the first bill.

Ellington did not file post-sentence motions or a direct appeal. On September 5, 2017, Ellington filed a timely *pro se* PCRA petition in which he claimed ineffective assistance of counsel for failure to file a motion to reconsider sentence; challenged the fact that his Guilty Plea Colloquy was not signed and sealed by the court; claimed his guilty plea was not knowing, intentional and voluntary because the trial counsel misled him; and asserted his plea was invalid due to his claim of self-defense. Counsel was appointed, but later filed a ***Finley***[7] "no-merit" letter and a motion to withdraw.

On December 18, 2017, the PCRA court permitted counsel to withdraw and dismissed the petition. This appeal followed.

---

[6] The trial court agreed to give Ellington credit for time served.

[7] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

Ellington's three claims on appeal all assert ineffective assistance of counsel. "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted).

With respect to claims of ineffective assistance of counsel, we begin with the presumption that counsel is effective. **See Commonwealth v. Spotz**, 18 A.3d 244, 260 (Pa. 2011). To prevail on an ineffectiveness claim, a petitioner must plead and prove, by a preponderance of the evidence, three elements: "(1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) [the petitioner] suffered prejudice because of counsel's action or inaction." **Id.**, at 260 (citations omitted).

In Ellington's first issue, he argues trial counsel was ineffective for failing to file a post-sentence motion to reconsider sentence. Our Supreme Court has held that the failure to file post-sentence motions does not fall within the limited ambit of situations where a defendant alleging ineffective assistance of counsel need not prove prejudice to obtain relief. **See Commonwealth v. Reaves**, 923 A.2d 1119 (Pa. 2007). Therefore, Ellington bears the burden of pleading and proving that trial counsel's failure to file a post-sentence motion prejudiced him. In other words, Ellington must show that if counsel had filed a post-sentence motion, it would have been granted. **See Commonwealth v. Liston**, 977 A.2d 1089, 1092 (Pa. 2009).

- 4 -

In addition, with respect to guilty pleas,

> [o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.

> \*     \*     \*

> The long standing rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

> \*     \*     \*

> [A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

***Commonwealth v. Pollard***, 832 A.2d 517, 523-24 (Pa. Super. 2003) (citations omitted).

In a memorandum opinion, the trial court explicitly stated that Ellington could not have persuaded it to modify the sentence because it was a negotiated sentence and Ellington entered into the negotiated guilty plea knowingly, voluntarily and intelligently. ***See*** Trial Court Memorandum Opinion, 1/30/2018, at 4. Ellington concedes that he "understood" the nature of the charges against him and the plea to which he was agreeing, and that he voluntarily and intelligently entered his guilty plea. ***See*** Appellant's Brief, at 11.

Ellington claims that he only plead guilty because his plea counsel promised him he would only receive a sentence of seven and one half to fifteen years. However, Ellington testified "No" at his guilty plea hearing in response to being asked, "Has anyone made you any promises other than the negotiated recommended sentence to get you to plead guilty in this case?" N.T., Guilty Plea Hearing, 5/3/2017, at 11-12. He further testified that he was satisfied with his plea counsel. **See id.**, at 10. In addition, the written colloquy, which Ellington signed, included a clear statement that "Nobody promised me anything or threatened me or forced me to plead guilty. I, myself, have decided to plead guilty. I know what I say today is final." Written Guilty Plea Colloquy, 5/3/2017, at 1.

Ellington is bound by his testimony. **See Commonwealth v. Willis**, 68 A.3d 997, 1009 (Pa. Super. 2013); **Pollard**. He may not now argue that this testimony was false in attempting to establish that his plea was involuntary. Further, he has offered no evidence to show that he was promised a lower sentence.

We therefore agree with the trial court that Ellington has failed to prove that he was prejudiced by trial counsel's failure to file a post-sentence motion. Therefore, we agree that Ellington's claim that counsel was ineffective for failure to file post-sentence motions is meritless.

In his second issue on appeal, Ellington argues trial counsel was ineffective for failing to move to withdraw his guilty plea based on the trial

court's failure to sign the written guilty plea colloquy. He includes a layered ineffectiveness claim as well, arguing PCRA counsel was ineffective for failing to present trial counsel's ineffectiveness on this matter.

Ellington is not entitled to relief on this issue, as he did not preserve the claim for our review. He did not raise this claim regarding trial counsel in his PCRA petition. Further, he did not raise this claim regarding PCRA counsel before the PCRA court. **See Commonwealth v. Ford**, 44 A.3d 1190, 1201 (Pa. Super. 2012) ("Claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter.") As a result, we find this layered ineffectiveness claim waived[8].

In his last issue on appeal, Ellington argues trial counsel was ineffective for failing to raise a potential self-defense argument. Again, he includes a layered ineffectiveness claim, arguing PCRA counsel was ineffective for failing to present trial counsel's ineffectiveness on this matter.

It is well settled that when a defendant has entered a negotiated guilty plea, his "plea ... amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." **Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991).

---

[8] We note that although we find this issue waived, we nonetheless would have found it without merit, as there is no requirement that a written colloquy be countersigned by the court.

Here, both Ellington's written and oral colloquies demonstrate that his guilty plea was entered knowingly, intelligently and voluntarily. ***See Commonwealth v. Reid***, 117 A.3d 777, 783 (entry of negotiated plea is strong indicator of voluntariness of plea; law does not require that defendant be pleased with outcome of decision to enter guilty plea, but just that decision was knowingly, voluntarily and intelligently made). Ellington stated on the record during his oral guilty plea colloquy that he understood the forms as he went over them and had ample time to discuss his trial rights and appellate rights with his attorney. ***See*** N.T., Guilty Plea Hearing, 5/3/2017, at 10. He signed similar statements in the written guilty plea colloquy, which clearly stated "I HAVE READ ALL OF THE ABOVE, OR MY LAWYER READ IT TO ME. I UNDERSTAND IT. MY ANSWERS ARE ALL TRUE AND CORRECT." Written Guilty Plea Colloquy, 5/3/2017, at 3. The written colloquy also included a statement that "If I plead guilty, I am giving up the right to defend my case. I cannot come back to court later and say that I was not guilty. Once I plead guilty, I can no longer complain that I was innocent and did not commit the crime." ***Id.***, at 3.

We find Ellington's final issue waived, as he knowingly, voluntarily, and intelligently entered into the guilty plea, and thus the waiver of defenses was binding. Trial counsel would not have had any basis upon which to raise the issue of self-defense. As a result, PCRA counsel would have no basis upon which to raise a claim of trial counsel's ineffectiveness.

As we agree with the PCRA court that none of Ellington's issues merit relief, we affirm the PCRA court's order dismissing his petition for relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/30/19